UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRAIDAN C. COY,                           ) | |
|                                           ) | |
|               Plaintiff,                  ) | |
|                                           ) | |
|        v.                                 ) | No. 2:21-cv-00027-JPH-DLP |
|                                           ) | |
| RAYMOND T. LOWE,                          ) | |
| STATE OF INDIANA,                         ) | |
|                                           ) | |
|               Defendants.                 ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Braidan Coy is a prisoner at Wabash Valley Correctional Facility. *See* dkt. 1. Mr. Coy filed this 42 U.S.C. § 1983 action against his defense attorney, Raymond T. Lowe, and the State of Indiana. *See id.* He has also filed a motion for leave to proceed *in forma pauperis*. Dkt. [2].

**I.**

**Motion to proceed *in forma pauperis***

Mr. Coy's motion to proceed in forma pauperis, dkt. [2], is **GRANTED** to the extent that he is assessed an initial partial filing fee of $9.63. *See* 28 U.S.C. § 1915(b)(1). He shall have through **March 1, 2021** to pay this initial partial filing fee to the clerk of the district court.

Mr. Coy is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial

1

filing fee is received, a collection order will be issued to Mr. Coy and to his custodian.

## II.

## Screening the complaint

### A. Screening standard

Because Mr. Coy is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

The complaint names two defendants: (1) Raymond T. Lowe; and (2) the State of Indiana. *See* dkt. 1 at 1. Mr. Coy seeks monetary damages and "to ask that Mr. Lowe be more effective in representing future clients." Dkt. 1 at 5.

The complaint alleges that Mr. Lowe, Mr. Coy's state-appointed attorney during the appeals process, filed a direct appeal without his knowledge or consent. *Id.* at 3. Mr. Coy asserts that this violated his Sixth Amendment right to effective assistance of counsel. *Id.* at 4. The complaint also alleges that Mr. Coy has "complained several times about Mr. Lowe not being in contact with [him]" and that Mr. Coy has attempted to contact Mr. Lowe "on multiple different occasions, the effect being moot." *Id.*

### C. Discussions of claims

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Mr. Coy's claims against Mr. Lowe are barred because Mr. Lowe was not acting under color of state law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). Therefore, the claim against Mr. Lowe must be **dismissed**.

The claim against the State of Indiana also must be **dismissed**. The definition of a "person" for purposes of § 1983 does not include states or their agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).

### D. Further proceedings

Mr. Coy **SHALL HAVE through March 1, 2021,** in which to show cause why Judgment consistent with this Entry should not issue. If he does not do so, the Court will dismiss this case without further notice.

The **clerk shall** include a copy of the docket with Mr. Coy's copy of this Order.

**SO ORDERED.**

Date: 1/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRAIDAN C. COY
278668
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

U.S. DISTRICT COURT FINANCE OFFICE

4