UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRAIDAN C. COY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00027-JPH-DLP |
| | ) |
| RAYMOND T. LOWE, | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On January 11, 2021, Mr. Coy brought this 42 U.S.C. § 1983 action against his defense attorney and the State of Indiana. Dkt. 1. On January 28, 2021, the Court granted Mr. Coy's motion to proceed *in forma pauperis* and screened the complaint under 28 U.S.C. § 1915A(b). Dkt. 6. In its screening order, the Court dismissed Mr. Coy's claims for failure to state a claim and gave Mr. Coy until March 1, 2021, to show cause why Judgement consistent with that order should not issue. *Id.*

Mr. Coy responded by this deadline but did not address the deficiencies explained in the screening order. Dkt. 8. Specifically, Mr. Coy did not adequately allege that his defense attorney, Raymond Lowe, was acting under the color of state law. Therefore, on March 17, 2021, the Court dismissed Mr. Coy's case with prejudice. Dkt. 10. On April 5, 2021, Mr. Coy filed a motion for reconsideration. Dkt. [12].

The Court construes Mr. Coy's motion as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). This rule allows "[a]

1

motion to alter or amend a judgment [to be] filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). To prevail on a Rule 59(e) motion, a party must "'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Inc. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)).

Mr. Coy filed his motion for reconsideration within the 28 days required by Rule 59(e). *See* dkt. 10; dkt. 12. In that motion, Mr. Coy alleges that Mr. Lowe acted under the color of state law because "'when the state appointed Mr. Lowe to [his] case, he was ultimately granted full or some authority and the power to run [his] case as he liked.'" Dkt. 12. In support, Mr. Coy cites *United States v. Picklo* and *Smith v. Bacon*; cases from other circuits which are factually different from this case. *See* dkt. 12 at 1–2.

Indeed, the defendant in *United States v. Picklo* was a former investigator with the state Department of Insurance, not, as here, a defense attorney. 190 Fed. App'x 887, 888 (11th Cir. 2006). And the plaintiffs in *Smith v. Bacon* alleged that *multiple* state officials, including public defenders and state court judges, conspired together. 699 F.2d 434, 436 (7th Cir. 1983). Unlike the defendants in *Bacon*, Mr. Lowe was not acting under the color of state law while representing Mr. Coy. *See Polk County v. Dodson*, 454 U.S. 312 (1981).

Because Mr. Coy has not shown newly discovered evidence or that the Court committed a manifest error of law or fact, his motion for reconsideration,

construed as a Rule 59(e) motion, is **DENIED**.  Dkt. [12].  All other pending motions are **DENIED as moot**.

**SO ORDERED.**

Date: 4/28/2021

                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

Distribution:

BRAIDAN C. COY
278668
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838